IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SHIREEN NALLEY SIMONS,**

    Plaintiff,

v.                                        No. CV 09-0487 JCH/RLP

**STATE OF NEW MEXICO;**
**NINTH JUDICIAL DISTRICT COURT ADULT DRUG COURT;**
**ROBIN MILLER,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes *sua sponte* before the Court on pro se Plaintiff Shireen Nalley Simons' application to proceed *in forma pauperis* ("IFP"), filed May 6, 2009 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen [Simons'] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is

>'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

>This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [*Bell Atl. Corp. v. Twombly*, 127 S. Ct.] at 1965 n. 3. *See Airborne Beepers & Video*, *Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").  The *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10.  Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

>Complaints in § 1983 actions subject to qualified-or-absolute immunity defenses must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated the [plaintiff's] constitutional rights, and that those rights were clearly established at the time.  This requires enough allegations to give the defendants notice of the theory under which their claim is made.

*Id.* at 1249 (internal quotation marks and citations omitted).  Thus, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," even in a complaint prepared by a pro se plaintiff.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A complaint may be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario – situations in which the claims are "so defective that they should never have been brought at the outset." *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325.  Frivolous claims that

2

may be dismissed *sua sponte* are ones "based on an indisputably meritless legal theory, . . . [or] whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . ." *Id.* at 327.  Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).  But "a court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Id.* at 1284.

The Court has carefully reviewed the application and the Complaint.  Simons filed this action under 42 U.S.C. § 1983 against the State of New Mexico, the Ninth Judicial District Court Adult Drug Court, and Robin Miller, who is employed by the Drug Court.  Simons contends that the Defendants have "taken away" her Fourteenth Amendment rights to life, liberty, and the pursuit of happiness because Simons expended "money, time, and energy" trying to start a Mental Health Court in Curry County but the "Drug Court took the money."  Complaint (Doc. 1) at 2.  Simons states that Miller told her that the "mental court money was used for drug court because there was [sic] more people on drug court." *Id.*  She states that several senators and individuals supported creating a mental health court, but the project "needed funding." *Id.*

Simons filed supplemental documents as "attachments" to her Complaint showing that she has been informed that there is no funding from the New Mexico legislature to establish a mental health court in Curry County.  *See* Doc. 4, Ex. 2 (letter from Curry County Manager agreeing that Curry County needed behavioral health services but stating that there was no funding and the County was exploring options); *id.* Ex. 3 (letter from Ninth Judicial District Court explaining that

a new Adult Drug Court had recently been established but that a mental health court had not been created or funded by the legislature and the District Court was focusing on trying to make the Drug Court a success); *id.* Ex. 4 (letter from the New Mexico Attorney General explaining that there "was no initiative in the legislature for the Ninth Judicial District Court regarding a Mental Health Court," and providing information about how to encourage the establishment of such a court); *id.*, Ex. 5 (letter from the chief judge of the Ninth Judicial District Court explaining that the court had just finished its first year of Drug Court; that "the lack of funding and the additional problem with area mental health providers will probably preclude our ability to establish a mental health court for at least five years"); Doc. 5, Ex. 3 (letter from the New Mexico Court of Appeals acknowledging Simons' request to "have a Mental Health Court set up in Curry County" and informing her that, because there have to be funds to set up a court and the Legislative Branch of government sets the budget, she needed to contact her state legislators).  Simons alleges that Miller improperly used Simon's "hard work" and "mental heath court money" for "drug addicts," and concludes that Miller therefore discriminated against Simons on the basis of her race and disability.  Complaint at 3-4

Simons requests that the Court "get all monies used for Drug Court and place it for Mental Health Court for Clovis," and to award her at least $700,000 in damages for emotional suffering. *Id.* at 4.

The Eleventh Amendment bars a suit for damages in federal court against a State, its agencies, and its officers acting in their official capacities, even when the action is brought under § 1983.  See U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 at 70-71 (1989) (holding that "Section 1983 provides a federal forum

to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  The Ninth Judicial District Court, together with its Drug Court, is a division of the judicial branch of the State.  *See* N.M. Const. Article VI; N.M.S.A. § 34-6-1.  Simons has not alleged a waiver of Eleventh-Amendment immunity, so the State, its Courts and Miller cannot be sued for damages in federal court and all claims for damages against them must be dismissed.  *See Will*, 491 U.S. at 70-71; *Graham*, 473 U.S. at 167 n.14 ("Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be sued directly in its own name regardless of the relief sought.").  Simons' claims for monetary damages will be dismissed for lack of subject-matter jurisdiction.

Claims for prospective injunctive relief under § 1983 may be cognizable when brought against an officer of a state.  *See McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 n.2 (10th Cir. 2000) (noting that "a state official in his or her official capacity, when sued for [prospective] injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State") (internal quotation marks omitted).  Simons, however, has failed to establish standing to request such relief.  The Article III standing requirement inherent in every cause of action brought in federal court "requires that a plaintiff establish injury-in-fact, causation and redressability."  *Finstuen v. Crutcher*, 496 F.3d 1139, 1143 (10th Cir. 2007).  "[T]he court *sua sponte* [] can raise the issue of standing for the first time at any stage of the litigation . . . ."  *New England Health Care Employees Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008).  That is true because "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines."  *FW/PBS, Inc., v. City of Dallas*, 493 U.S. 215, 230-31 (1990) (internal quotation marks and bracket

omitted), *holding modified on other grounds by City of Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 781-82 (2004).  To establish standing, the "complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely 'abstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Finstuen*, 496 F.3d at 1143 (internal quotation marks omitted).  "In a plea for injunctive relief, a plaintiff cannot maintain standing by asserting an injury based merely on 'subjective apprehensions' that the defendant might act unlawfully."  *Id.* at 1144.

Simons has no constitutional right to live in a county that has a Mental Health Court, and she has failed to allege a distinct and palpable injury to herself that is actual or imminent arising either from the failure to establish a Mental Health Court in Curry County or to choose to fund the Ninth Judicial District Drug Court instead of a Mental Health Court.  Her claim for injunctive relief must be dismissed for lack of subject-matter jurisdiction.  In considering Simons' Complaint and all of the attachments filed as supplements, the Court concludes that it would be futile to allow Simons to amend her Complaint.

**NOW, THEREFORE, IT IS ORDERED** that Simons' motion to proceed IFP (Doc. 2) is DENIED, and that Simons' Complaint is dismissed in its entirety for lack of subject-matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE